UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MIGUEL A. RIVERA,

    Plaintiff,

    v.

PATTI B. SARIS, et al.,

    Defendants.

Case No. 14-cv-1092 (CRC)

## MEMORANDUM OPINION AND ORDER

Plaintiff Miguel Rivera, proceeding *pro se*, brings claims against the United States Sentencing Commission ("the Commission") and three current and former members of the Commission. He contends that the Commission's failure to make retroactive an amendment to the United States Sentencing Guidelines—which, he contends, would have resulted in a reduction to his sentence—violated his constitutional rights to due process and equal protection of the laws. The Defendants move to dismiss Rivera's Complaint on the grounds that his claims are barred by claim preclusion, the Commission and its members are immune from suit, and his constitutional challenges fail to state a claim upon which relief can be granted. Because the Court finds that the Commission and its Commissioners are immune from suit—and will grant the motion on that basis—it need not address Defendants' other arguments.

**I.    Background**

Rivera is a federal prisoner serving a sentence stemming from a 1994 armed robbery of a bank in Florida, for which he was convicted of three counts: armed bank robbery in violation of 18 U.S.C. § 2113; use of a firearm during commission of a crime of violence in violation of 18 U.S.C. § 924(c); and possession of a firearm by a convicted felon with at least three prior qualifying convictions under the Armed Career Criminal Act, 18 U.S.C. §§ 922(g) and 924(e).

Rivera was sentenced to concurrent sentences of 300 months and 327 months on the first and third counts, respectively, and a statutorily required, consecutive sentence of 60 months for the second count.

A criminal defendant who is convicted of being a felon in possession of a firearm under 18 U.S.C. § 922(g) faces a sentencing enhancement if he or she used the firearm "in connection with another felony offense."  U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 2K2.1(b)(6)(B).  If such a defendant is also convicted of using a firearm in furtherance of a crime of violence, an additional mandatory consecutive sentence of at least five years applies. See 18 U.S.C. § 924(c)(1)(A)(i).  To address the potential for "double counting" in this circumstance, Amendment 599 to the U.S.S.G. provides that the sentence of a defendant convicted under both 18 U.S.C. § 922(g) and § 924(c) is not enhanced under U.S.S.G. § 2K2.1(b)(6)(B).  See U.S.S.G. app. C, vol. II, amend. 599 ("This . . . amendment directs that no guideline weapon enhancement should be applied when determining the sentence for the crime of violence . . . offense underlying the 18 U.S.C. § 924(c) conviction . . . .").  Amendment 599 applies retroactively.  See id. amend. 607.

But Amendment 599 offers no relief to criminal defendants who, like Rivera, are convicted under 18 U.S.C. § 924(c) and whose prior convictions under 18 U.S.C. § 922(g) render them subject to a 15-year mandatory minimum sentence under the Armed Career Criminal Act. See 18 U.S.C. § 924(e).  Such defendants are subject to the provisions of U.S.S.G. § 4B1.4, which pertain to armed career criminals, and which increase the applicable base offense level. Amendment 674 addresses the potential for "double counting" in this context and provides that defendants not be subjected both to an increased base offense level and application of the criminal history category for use of a firearm in connection with a crime of violence.  See

U.S.S.G. app. C, vol. III, amend. 674.  However, Amendment 674, which became effective in 2004—long after Rivera was sentenced—does not apply retroactively.

Rivera contends that if the Commission had decided to designate Amendment 674 as retroactive, his sentence would be eligible for reduction.  He explains that his sentence was, in part, the product of the double counting—an increased base offense level and an increased criminal history category—that Amendment 674 is designed to prevent.  And because, he maintains, applying the Amendment retroactively would result in a reduction to his sentence, the Commission's decision not "to properly consider the retroactive [e]ffect of Amendment 674," Compl. 8, "demonstrat[es] prejudicial bias against defendants with higher Criminal histor[ies]," id. at 6.  This "prejudicial bias" in turn, Rivera asserts, violated his constitutional rights to due process and equal protection of the law.  He brings this action against the Commission and, in their individual capacities, the Commission's current Chair, the Honorable Patti B. Saris; its former Chair and Vice-Chair, the Honorable Ricardo H. Hinojosa; and its former Vice-Chair, William B. Carr, Jr.  For these alleged violations of his constitutional rights, Rivera requests a declaratory judgment that the failure to apply Amendment 674 retroactively violated the Equal Protection Clause as well as compensatory and punitive damages.  Id. at 10.

## II.      Standard of Review

"When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).  And in reviewing a motion to dismiss a *pro se* plaintiff's complaint, a judge must construe the complaint liberally, see id. ("A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted

by lawyers." (citations omitted)), "to afford all possible inferences favorable to the pleader on allegations of fact," <u>Zaidi v. U.S. Sentencing Comm'n</u>, No. 14-1308 (JDB), 2015 WL 4484172 (D.D.C. 2015), at *2 (D.D.C. July 22, 2015). But "even a pro se plaintiff . . . bears the burden of establishing that the [c]ourt has subject matter jurisdiction." <u>Id.</u> (alteration in original) (quoting <u>Rodriguez v. U.S. Citizenship & Immigration Serv.</u>, 605 F. Supp. 2d 142, 145 (D.D.C. 2009)).

**III. Analysis**

    A.    <u>Rivera's Claims Against the Commission</u>

        1.  <u>Claim for Monetary Damages</u>

This suit is properly construed as a <u>Bivens</u> action because Rivera seeks damages for alleged constitutional violations by federal officials. See <u>Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971) (recognizing a damages cause of action for violation of constitutional rights by federal officials); <u>see also</u> <u>Papantony v. Hedrick</u>, 215 F.3d 863, 865 (8th Cir. 2000) (broadly construing pro se petition alleging constitutional violation against federal officials as a <u>Bivens</u> action). But <u>Bivens</u> recognized only a cause of action against federal officials in their individual capacities. See <u>Correctional Servs. Corp. v. Malesko</u>, 534 U.S. 61, 66 (2001). Therefore, a <u>Bivens</u> claim cannot be brought against the Commission itself.

But Rivera's claim against the Commission for monetary damages fails for a more fundamental reason. Defendants argue that, "like all federal agencies," the Commission "enjoys the benefits of sovereign immunity." Defs.' Mem. Supp. Mot. Dismiss 11. The Court agrees that the Commission is immune from suit in this case. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." <u>FDIC v. Meyer</u>, 510 U.S. 471, 475(1994). And "[s]overeign immunity is jurisdictional in nature." <u>Id.</u> "If sovereign immunity

4

has not been waived, a claim is subject to dismissal under [Federal Rule of Civil Procedure] 12(b)(1) for lack of subject matter jurisdiction." Clayton v. District of Columbia, 931 F. Supp. 2d 192, 200 (D.D.C. 2013) (citing Meyer, 510 U.S. at 475).

The United States "has not consented to be sued for damages based on constitutional violations," Morris v. U.S. Sentencing Comm'n, 62 F. Supp. 3d 67, 74 (D.D.C. 2014) (citing Meyer, 510 U.S. at 476–78), or for "damages based on the 'failure of the . . . [Sentencing] Commission to 'promulgate and distribute' federal sentencing guidelines," id. (citation omitted) (quoting Hornbeck Offshore Transp., LLC v. United States, 569 F.3d 506, 510 (D.C. Cir. 2009)). In addition, the Sentencing Reform Act "does not contain a 'sue-and-be sued clause,' which might constitute a waiver of immunity by the Commission as an agency capable of being sued in its own name." Id. (citing Meyer, 510 U.S. at 481). Therefore, the Commission enjoys sovereign immunity from suit, and Rivera's claim against the Commission for monetary damages must be dismissed for lack of subject matter jurisdiction.

2. Claim for Declaratory Relief

Rivera also seeks declaratory relief from the Commission. But "[i]t is a 'well-established rule that the Declaratory Judgment Act is not an independent source of federal jurisdiction.'" Morris, 62 F. Supp. 3d at 76 (alteration in original) (quoting Ali v. Rumsfeld, 649 F.3d 762, 778 (D.C. Cir. 2011)) (internal quotation marks omitted). Because Rivera's claim for monetary damages against the Commission will be dismissed for lack of subject matter jurisdiction, his claim for declaratory relief against that body must also be dismissed for a lack of independent basis for subject matter jurisdiction. See Zaidi, 2015 WL 4484172 (D.D.C. 2015), at *3 (dismissing for lack of subject matter jurisdiction a claim for declaratory relief against the Sentencing Commission because there was no independent basis for such jurisdiction).

B.     Rivera's Claims Against Individual Commissioners

1. Claim for Monetary Damages

In addition to suing the Commission, Rivera also brings suit against current and former Sentencing Commission members in their individual capacities. Even though <u>Bivens</u> actions may be brought against federal officials in their individual capacities, the Commissioners, like the Commission itself, are immune from suit for monetary damages—albeit on different grounds. Courts have recognized that, although the Commission is not an agency for purposes of the Administrative Procedure Act, <u>Wash. Legal Found. v. U.S. Sentencing Comm'n</u>, 17 F.3d 1446, 1450 (D.C. Cir. 1994) ("Congress decided that the Sentencing Commission would not be an 'agency' under the APA when it established the Commission as an independent entity within the judicial branch." (citing 28 U.S.C. § 991(a)(1)), it is also not a court: "The Sentencing Commission unquestionably is a peculiar institution within the framework of our Government. Although placed by the [Sentencing Reform] Act in the Judicial Branch, it is not a court and does not exercise judicial power," <u>Mistretta v. United States</u>, 488 U.S. 361, 384–85 (1989).

Rather, members of the Commission exercise nonadjudicatory, rulemaking power that is "political or quasi-legislative" in nature. <u>Id.</u> at 393; <u>see also id.</u> at 390–93 (concluding that Congress's delegation of such power to the Judicial Branch does not run afoul of separation of powers principles). And this Circuit "has expressly held that absolute immunity shields agency officials from a <u>Bivens</u> action that is based on the promulgation of unconstitutional regulations." <u>Fletcher v. U.S. Parole Comm'n</u>, 550 F. Supp. 2d 30, 40 (D.D.C. 2008) (citing <u>Jayvee Brand, Inc. v. United States</u>, 721 F.2d 385, 394–95 (D.C. Cir.1983)). This is so because "[l]egislation is a function entitled to absolute immunity, . . . with the immunity following the function and not the office." <u>Jayvee Brand</u>, 721 F.2d at 395. As a result, "when an agency exercises quasi-

6

legislative regulatory authority, action for money damages against agency members will not lie." Id. That principle squarely applies here. Rivera's claim for monetary damages against the Commissioners will therefore be dismissed as well.

### 2. Claim for Declaratory Relief

Finally, Rivera presents a claim against the Commissioners for declaratory relief. But like sovereign immunity, legislative immunity is jurisdictional in nature: This Circuit has held that this type of immunity, arising from the Speech or Debate Clause of the Constitution, art. I, § 6, cl. 1, "operates as a jurisdictional bar when 'the actions upon which [a plaintiff] s[eeks] to predicate liability [a]re 'legislative acts.'" Fields v. Office of Eddie Bernice Johnson, 459 F.3d 1, 13 (D.C. Cir. 2006) (en banc) (first alteration in original). And because immunity from challenges to the performance of legislative acts "follow[s] the function and not the office," Jayvee Brand, 721 F.2d at 395, legislative immunity as a jurisdictional bar operating through the Speech or Debate Clause, which explicitly protects members of Congress from suit, also serves as a jurisdictional bar to suits against other federal officials predicated on their legislative acts. Thus, for the same reason that Rivera's claim for declaratory relief against the Commission must be dismissed, so must his claim for declaratory relief against the individual Commissioners. See Zaidi, 2015 WL 4484172 (D.D.C. 2015), at *3 (dismissing for lack of subject matter jurisdiction a claim for declaratory relief where there was no independent basis for such jurisdiction).

### III.    Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that [6] Defendants' Motion to Dismiss is GRANTED and that Plaintiff's Complaint is dismissed.

CHRISTOPHER R. COOPER
United States District Judge

Date:   September 18, 2015